ACCEPTED
15-24-00057-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/4/2025 3:10 PM
CHRISTOPHER A. PRINE
CLERK

Case No. 15-24-00057-CV

COURT OF APPEALS
FIFTEENTH DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/4/2025 3:10:28 PM
CHRISTOPHER A. PRINE
Clerk

TARLETON STATE UNIVERSITY,

*Appellant and Cross-Appellee,*

vs.

FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION,

*Appellee and Cross-Appellant.*

## SUPPLEMENTAL BRIEF OF APPELLEE/CROSS-APPELLANT

JT MORRIS
Tx Bar No. 2409444
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Avenue, SE
Suite 340
Washington, DC 20003
(215) 717-3473
jt.morris@thefire.org
*Counsel of Record for*
*Foundation for Individual*
*Rights and Expression*

Because the close of briefing in this Public Information Act (PIA) appeal of Tarleton State University withholding two sets of records predated the Supreme Court of Texas decision in *University of Texas at Austin v. Gatehouse Media Texas Holdings, II, Inc.*, 68 Tex. Sup. Ct. J. 277 (Dec. 31, 2024), this Court granted the parties' joint motion for supplemental briefing of their positions on how *Gatehouse Media* may affect this case. Appellee/Cross-Appellant respectfully submits that, as explained below, *Gatehouse Media* justifies Tarleton withholding only one of the two sets of the records at issue, so this Court should affirm the grant of mandamus below regarding the other set, involving Tarleton's administrative takeover of the previously editorially independent *Texan News Service* ("*TNS*") student paper.

## ARGUMENT

This Court should affirm the trial court's grant of mandamus as to the *TNS* takeover records in this case, even after *Gatehouse Media*. Appellee/Cross-Appellant Foundation for Individual Rights and Expression (FIRE) sought two sets of records from Tarleton: those relating to its investigation of a professor for inappropriate conduct toward his female students, and those relating to its subsequent administrative takeover of

1

*TNS* for truthfully reporting on that scandal. The trial court held that Tarleton failed to meet its burden of proving the PIA's student-records exception applied and ordered Tarleton to produce both sets of records. On appeal, FIRE urged that under the 13th Court of Appeals decision in *Gatehouse Media*, it was entitled to all the withheld records, redacted of student identifiers, and to its attorney's fees. The University argued the student-records exception prohibits disclosure of any of the records.

After briefing closed, the Texas Supreme Court interpreted the PIA in *Gatehouse Media* as "grant[ing] an educational institution discretion . . . to disclose information in an education record if the disclosure is authorized by" the Family Educational Rights and Privacy Act (FERPA). 68 Tex. Sup. Ct. J. 277, 2024 WL 5249449, at *7. "Education records" are those that "contain information directly related to a student." *Id.* at *1 (citing 20 U.S.C. § 1232g(a)(4)(A)). In so ruling, the Court overturned the 13th Court of Appeals, which it held "erred by construing the PIA to require mandatory disclosure" of information directly related to a student. *Id.* at *7. In addition, the Supreme Court held a university need not submit "education records" to the Office of the

Attorney General to determine whether the university had properly drawn redactions of student identifiers. *Id.* at *8.

Applying the Supreme Court's ruling here, FIRE acknowledges that at least some records relating to Tarleton's investigation of its wayward professor presumably name students, rendering them "student records" under *Gatehouse Media.* The case thus establishes that FIRE is not entitled to those records with information *directly* related to a student (or to attorney's fees related to them), and Tarleton was not required to submit them to the OAG for a withholding determination.[1]

Conversely, FIRE remains entitled to the other set of records that relate to Tarleton's administrative *TNS* takeover. *Gatehouse Media* does not change that fact, because as those records do not "contain information directly related to a student," FERPA does not protect them from disclosure, 20 U.S.C. § 1232g(a)(4)(A). As FIRE proved at traditional summary judgment, those documents, like the Provost's Letter, discuss the paper's

---

[1] While some of those investigation-related records may not include student names, FIRE will forgo identification and isolation of any such record(s) for production for purposes of this appeal.

administrative takeover, yet contain no student-identifying information of any kind. Appellee's Br. at 5 (citing CR 66, 83 ¶ 6, 94–95).

And even if takeover-related records exist beyond the Provost's Letter,[2] Tarleton failed to satisfy its burden of proving they contain information directly related to any student. Whether a withheld document contains information directly related to a student is a factual question, and Tarleton failed to meet its burden at summary judgment, either of proving its assertion that it could not produce the documents, or of raising a fact issue for trial to defeat FIRE's summary judgment motion. *See* Appellee's Br. at 34–36. The PIA thus compels Tarleton State to turn over this second set of *TNS*-takeover records. Yet it continues to withhold them without lawful justification. Mandamus was and remains the appropriate remedy under Texas law.

---

[2] In fact, Tarleton revealed below that these records may exist. CR 150 (admitting "Petitioner has obtained *some* of the withheld documents from other non-University sources" (emphasis added)). Yet it has never stated how many records it has withheld—presumably, emails, meeting minutes, calendar invitations and the like reflect the decision to strip *TNS* of its independence, as discussed in the Provost's Letter.

## CONCLUSION AND PRAYER

This Court should (1) uphold the trial court's grant of traditional summary judgment to FIRE with respect to public records involving the administrative takeover of *TNS*, (2) reverse the trial court's denial of fees to FIRE with respect to those records, and (3) remand to the trial court for a determination of a proportional fee award to FIRE.

Dated: March 4, 2025

*/s/ JT Morris*

JT MORRIS*
Tx Bar No. 2409444
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Avenue, SE
Suite 340
Washington, DC 20003
(215) 717-3473
jt.morris@thefire.org

***Counsel of Record**

5

**Certificate of Compliance with 9.4(e), (i)**

1. This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)B) because, according to the Microsoft Word 2024 word-count function, it contains 833 words, not including those sections excluded under Rule 9.4(i)(1), and the aggregate word count of all briefs filed by FIRE does not exceed 27,000 words.

2. This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2024 software in Century Schoolbook 14-point font.

Date: March 4, 2025

*/s/ JT Morris*

JT MORRIS
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION

# CERTIFICATE OF SERVICE

Under the Texas Rules of Appellate Procedure, I certify I served a copy of this brief on the following counsel of record via e-File service on March 4, 2025:

Alyssa Bixby-Lawson
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(210) 270-1118
Alyssa.bixby-lawson@oag.texas.gov

*/s/ JT Morris*

JT MORRIS
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION
700 Pennsylvania Avenue, SE
Suite 340
Washington, DC 20003
(215) 717-3473
jt.morris@thefire.org

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

JT Morris on behalf of Joshua (JT) Morris
Bar No. 24094444
jt.morris@thefire.org
Envelope ID: 98053665
Filing Code Description: Other Brief
Filing Description: Supplemental Brief of Appellee/Cross-Appellant
Status as of 3/4/2025 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang Hirczy de Mino | | wphdmphd@gmail.com | 3/4/2025 3:10:28 PM | SENT |
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 3/4/2025 3:10:28 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 3/4/2025 3:10:28 PM | SENT |
| Gabriel Walters | | gabe.walters@thefire.org | 3/4/2025 3:10:28 PM | SENT |
| JT Morris | | jt.morris@thefire.org | 3/4/2025 3:10:28 PM | SENT |
| Alyssa Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 3/4/2025 3:10:28 PM | SENT |